# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 1:18CR00020 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| | ) | |
| **SHADE CARLTON WORKMAN,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for United States; Timothy W. McAfee, The McAfee Law Firm, Big Stone Gap, Virginia, for Defendant.*

Defense counsel in this criminal case has sought review of the magistrate judge's Order denying his motion seeking permission to provide the defendant copies of government's discovery material, rather than requiring him to review the material at defense counsel's office. For the following reasons, I will overrule the objection, and the magistrate judge's Order will stand.

I.

On September 11, 2018, the government moved that it be permitted to disclose to defense counsel "grand jury materials, tax return information, criminal histories, medical records, witness interview reports, materials covered by the Privacy Act, and other materials" as part of voluntary discovery. Mot. Voluntary Disclosure of Grand Jury and Other Materials 1, ECF No. 12. The magistrate

judge granted the government's motion and entered an Order that, among other things, prohibits the defendant himself from possessing any of the material produced by the government unless he is in the presence of his defense counsel.

Thereafter, the defendant filed a motion requesting that the court permit him to have copies of the government's discovery materials, subject to "an appropriate Order that he not disclose the materials to anyone and other restrictions that the Court finds to be appropriate." Mot. Def. to Have Copy of Disc. Materials 1, ECF No. 45. The government filed a response in opposition. The magistrate judge denied the motion, and defense counsel filed an objection to the magistrate judge's order. The objection has been orally argued and is now ripe for decision.

II.

When a party objects to a magistrate judge's ruling on non-dispositive matters, a district court must assess whether the decision was clearly erroneous or contrary to law based only on the facts presented to the magistrate judge. Fed. R. Civ. P. 72; *see also Tafas v. Dudas*, 530 F. Supp. 2d 786, 796 (E.D. Va. 2008). The district judge is only empowered to set aside the magistrate judge's ruling if that ruling was, in fact, clearly erroneous or contrary to law. *Id.* "A court's 'finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Bruce v. Hartford*, 21 F. Supp. 3d 590, 593–

94 (E.D. Va. 2014) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Here, the magistrate judge was required to assess whether the defendant established good cause to modify the existing Order's prohibition on his possession of any of the discovery materials outside the presence of his counsel. *See* Fed. R. Crim. P. 16(d)(1). Although the Rule does not define good cause, the Advisory Committee notes explain that courts should consider, among other things, the safety of witnesses and any danger of witness intimidation. Fed. R. Crim. P. 16 advisory committee's note to 1966 amendment. However, a protective order under Rule 16(d) should not override a defendant's right to a fair trial, *United States v. O'Keefe*, Criminal No. 06-0249 (PLF), 2007 WL 1239204, at *2 (D.D.C. Apr. 27, 2007), which includes the right to assist and participate meaningfully in the defense, *see Faretta v. California*, 422 U.S. 806, 819 (1975).

In support of his motion for copies of the discovery materials, the defendant argued that the government would not be prejudiced by allowing him copies, his ability to meet with his counsel during normal hours to review the materials is significantly hampered by his employment, the volume of discovery is large, and his ability to aid his counsel in his defense is undermined by his lack of ready access to the discovery materials.

In its opposition, the government asserted that the materials it has produced contain sensitive information, including witness interviews, grand jury testimony transcripts, identifying information about witnesses and other parties, audio and video recordings of witness interviews, and information regarding confidential informants, among other things. Further, the government stated that because the allegations against the defendant include sexual relationships with confidential informants, the grand jury testimony and witness interviews contain highly personal information about potential witnesses and others. In addition, the government pointed out that the defendant is not incarcerated, and thus he has relatively unfettered access to his defense counsel. The government also noted that the defendant has been charged by the grand jury in this case with destroying evidence, obstructing justice, and tampering with witnesses, charges that may give rise to concerns about his unsupervised possession of discovery materials.

I find that the magistrate judge's Order denying the motion for copies of the government's discovery materials was not clearly erroneous or contrary to law. Although Workman argues that the requirement that he meet with his counsel to review the discovery materials is inconvenient and burdensome because he will have to take approximately 50 hours off work to do so, the hardship to him is relatively minor in light of the potential for harm to the government's witnesses. *Cf. United States v. DeLeon*, No. CR 15-4268 JB, 2016 WL 7242579, at *32

(D.N.M. Oct. 28, 2016) (modifying a Rule 16(d) protective order in light of the significant burden to defense counsel of meeting with the defendant in prison to review discovery materials for 400 to 500 hours). The Superseding Indictment against Workman shows that there is probable cause to believe that he has intimidated a confidential informant and altered or destroyed records, making it appropriate to limit his unsupervised access to discovery materials. *See United States v. Garcia*, 406 F. Supp. 2d 304, 306 (S.D.N.Y. 2005) (finding it appropriate to limit the defendants' possession of witness statements when the charges against them raised concerns of witness intimidation); *see also United States v. Barbeito*, Criminal Action No. 2:09-cr-00222, 2009 WL 3645063, at *1 (S.D.W. Va. Oct. 30, 2009) (noting that while paper copies of discovery materials are not required to threaten or intimidate witnesses, they compound the danger that threats or harm occur). Further, the discovery materials contain personal information about sexual relationships, information about which witnesses may be especially vulnerable to intimidation. Accordingly, the magistrate judge's decision was not clear error, and the defendant's objection must be overruled.

III.

For the foregoing reasons, it is **ORDERED** that the defendant's objection, entitled "Notice of Appeal," ECF No. 52, is OVERRULED.

ENTER: January 22, 2019

/s/ *James P. Jones*
United States District Judge