# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 1:18CR00020 |
| | ) | |
| v. | ) | OPINION |
| | ) | |
| | ) | |
| SHADE CARLTON WORKMAN, | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Thomas T. Cullen, United States Attorney, Roanoke, Virginia, and Zachary T. Lee and Lena Lockridge Busscher, Assistant United States Attorneys, Abingdon, Virginia, for United States; Timothy W. McAfee, Big Stone Gap, Virginia, for Defendant.*

In this criminal case, the defendant, charged with making false statements to the FBI and accepting sexual favors from women informants as bribes while a state law enforcement officer, among other crimes, moved prior to trial to exclude testimony from other women he met through his position with the Virginia State Police and solicited for sexual acts, which the government intended to introduce under Federal Rule of Evidence 404(b).

Workman filed two Motions in Limine to exclude this evidence in which he argued that the evidence was inadmissible under Rule 404(b) and Rule 403. For the reasons that follow, the motions have been denied.[1]

I.

On October 24, 2018, Workman, a Special Agent with the Virginia State Police, was charged in a Superseding Indictment with, among other crimes, program bribery by soliciting and accepting sexual favors from confidential informants In response to Workman's motion for the government to identify 404(b) evidence, the government provided notice that it intended to introduce evidence of Workman having sexual relationships with confidential informants other than those women specifically charged in the Superseding Indictment.[2] The government also provided notice that it intended to introduce evidence of Workman having sexual relationships and attempting to engage in sexual acts with women who were not confidential informants but who he met through his position with the Virginia State Police. In a supplemental notice of 404(b) evidence, the government identified and provided materials regarding the expected testimony of

---

[1] The motions were denied orally at a pretrial hearing, based on the parties' submissions and oral arguments. This Opinion elaborates on the reasons for my decision.

[2] The government contends that this testimony is direct evidence on Count One and therefore is not 404(b) evidence. Count One charges that the defendant lied when he told the FBI that he had not had inappropriate relationships or sex with any confidential informants. I agree.

three women who were not confidential informants. As it turned out, at trial the government offered the testimony of only one such witness — G.H. I will thus limit this Opinion to G.H.'s testimony as anticipated before trial, based on her prior statements to law enforcement.

According to the materials submitted by the government, G.H. was expected to testify that sometime between November 10 and 18, 2016, she may have sold drugs to a confidential informant for the Tazewell County Drug Task Force. On December 4, 2017, Workman arrested G.H. and questioned her at police headquarters. During this questioning, Workman asked G.H. if she would work for the drug task force as a confidential informant, and she declined. Workman then told her that if she did not work for the task force, she would be sentenced to 20 years imprisonment and would not see her children again. Workman also told G.H. that he could get her released on bond. During the questioning, Workman turned the recording equipment off when he made threatening statements to G.H.

G.H. was released on bond. A week later, Workman came to her home unannounced and again told her that if she did not work for the task force, he would make sure she received a 20-year sentence and would not get custody of her children. He also told her that he was friends with the chief prosecutor and her probation officer. Workman then began touching her without her permission and cornered her against a wall. He unzipped his pants and forced G.H. to touch his

penis. G.H. told Workman that her son would be home from school soon. Before he left, Workman asked her if she needed anything and offered her money.

In the following two weeks, Workman came to G.H.'s home at least seven times and knocked on her door, but she did not answer. G.H. also often saw Workman's truck drive by her house.

G.H. provided this information to FBI agents in two statements. In the first, on September 7, 2018, she told the agents about her arrest and that Workman had come to her home and made her feel uncomfortable, but she did not provide details of his conduct during that visit. In her second statement, on October 10, 2018, G.H. told the agents that she had left some information out of her first statement because she had been ashamed and afraid. G.H. then told the agents about Workman's unwanted advances during his visit to her home.

## II.

Workman sought to exclude this evidence from trial on the grounds that it is inadmissible under Federal Rule of Evidence 404(b). He contended that the evidence is not relevant and that any of its probative value is outweighed by the undue prejudice it will cause him. The government argued that the evidence is probative of Workman's modus operandi, motive, intent, and opportunity, and it is thus admissible under Rule 404(b).

"Rule 404(b) prohibits evidence of other crimes or bad acts committed by the defendant if offered 'solely to prove a defendant's bad character, but such evidence may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.'" *United States v. McLean*, 581 F. App'x 228, 233 (4th Cir. 2014) (unpublished) (quoting *United States v. Moore*, 709 F.3d 287, 295 (4th Cir. 2013)). "Rule 404(b) is a rule of inclusion, admitting all evidence of other crimes or acts except that which tends to prove only criminal disposition." *McLean*, 581 F. App'x at 233 (quoting *Moore*, 709 F.3d at 295).

The Fourth Circuit has outlined a four-factor test that must be satisfied before a court can properly admit prior bad acts evidence under Rule 404(b):

> (1) The evidence must be relevant to an issue, such as an element of an offense, and must not be offered to establish the general character of the defendant. In this regard, the more similar the prior act is (in terms of physical similarity or mental state) to the act being proved, the more relevant it becomes. (2) The act must be necessary in the sense that it is probative of an essential claim or an element of the offense. (3) The evidence must be reliable. And (4) the evidence's probative value must not be substantially outweighed by confusion or unfair prejudice in the sense that it tends to subordinate reason to emotion in the factfinding process.

*United States v. McBride*, 676 F.3d 385, 396 (4th Cir. 2012) (quoting *United States v. Johnson*, 617 F.3d 286, 296–97 (4th Cir. 2010)). The fourth-factor test emphasizes that all admitted Rule 404(b) evidence must satisfy the requirements of

Rule 403, which allows the court to exclude relevant evidence that is unfairly prejudicial. *United States v. Williams*, 740 F.3d 308, 314 (4th Cir. 2014).

Taking the four factors in order, the first issue is the relevance of the evidence. For evidence to be relevant, it must be "sufficiently related to the charged offense." *McBride*, 676 F.3d at 397.[3] "The more closely that the prior act is related to the charged conduct in time, pattern, or state of mind, the greater the potential relevance of the prior act." *Id.* However, the prior act and the charged conduct need not be identical; rather, they "must be similar enough to be probative of intent." *United States v. Torrez*, 869 F.3d 291, 302 (4th Cir. 2017) (quoting *United States v. Van Metre*, 150 F.3d 339, 350 (4th Cir. 1998)). "Where such acts are sufficiently related, the relevance of the evidence derives from the defendant's having possessed the same state of mind in the commission of both the extrinsic act and the charged offense." *United States v. Mark*, 943 F.2d 444, 448 (4th Cir. 1991).

In this case, there are substantial similarities between Workman's charged offenses and the events described in the expected testimony from the government's potential witnesses. As to Workman's alleged conduct with G.H., it occurred during the same time period as the charged conduct. Moreover, it followed a similar pattern — Workman allegedly solicited sexual favors from G.H. while

---

[3] I have omitted internal quotation marks, citations, and alterations throughout this opinion unless otherwise noted.

making express promises that he could help her with her potential criminal charges, including securing a favorable sentence and ensuring she would continue to have custody of her children.

Turning to the next factor, evidence is "necessary" for Rule 404(b) purposes "when that evidence is an essential part of the crimes on trial or when that evidence furnishes part of the context of the crime." *McLean*, 581 F. App'x at 235. By pleading not guilty, Workman has "placed the elements of knowledge and intent in play." *Id.* In particular, Workman's strategy at trial will likely be to deny that he solicited or accepted sexual favors or that he did so in exchange for providing any benefits. As described above, the alleged prior acts are probative of Workman's intent with respect to this conduct. Therefore, I find that the evidence meets the necessity prong.

As to the third factor, I find that the evidence is reliable. The expected testimony stems from statements the witnesses made to state law enforcement officers and FBI agents, and providing false reports to these individuals is a crime. Moreover, Workman has not raised any issues as to the evidence's reliability. I also note that although G.H. did not provide all of the details of Workman's alleged conduct in her first statement to FBI agents, she later did so, and her statements are not inconsistent with each other.

Finally, I must consider whether the Rule 404(b) evidence "has the potential to cause undue prejudice, and if so, whether the danger of such undue prejudice substantially outweighs its probative value." *United States v. Boyd*, 53 F.3d 631, 637 (4th Cir. 1995). This will not be the case "where such evidence did not involve conduct any more sensational or disturbing than the crimes with which the defendant was charged." *United States v. Byers*, 649 F.3d 197, 210 (4th Cir. 2011).

Although the testimony involves allegations of sexual conduct that may be prejudicial to the defendant, it is no more sensational than the crimes with which the defendant is charged. Instead, its similarity to the charged conduct makes it probative of the elements of the relevant offenses. Thus, in balancing the probative value of this evidence against any risk that "the emotions of a jury will be excited to irrational behavior," *Williams*, 740 F.3d at 314, I find that the evidence is not unfairly prejudicial and thus not inadmissible under Rule 403.

In order to provide further protection against any misuse of the Rule 404(b) evidence, I provided a jury instruction explaining the limited purposes for which the jury may consider the evidence. *See McBride*, 676 F.3d at 396. Further, as required, the government provided prior notice to the defendant of its intention to introduce such evidence, so that the defendant could adequately prepare for it. *See id*.

DATED: April 3, 2019

/s/ *James P. Jones*
United States District Judge